## George G. Barrows, Defendant in Error, v. Caroline Connelly et al., Plaintiffs in Error.

### Gen. No. 20,571. (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed May 12, 1916.

### Statement of the Case.

Bill by George G. Barrows, complainant, against Caroline Connelly and others, defendants, to foreclose a mortgage. To reverse a decree for complainant, defendants prosecute a writ of error.

A bill was filed to foreclose a trust deed, conveying certain real estate to secure a promissory note. After certain phases of the case had been referred to two different masters, each of whom made a report, the cause was referred to Master Rogers, to take proofs and report the same together with his conclusions. After all the evidence had been introduced, the master made his report finding that all the material allegations of the bill as amended had been proved, and recommended that a decree of foreclosure be entered in accordance with the prayer thereof. No objections or exceptions were filed to this report, and afterwards a decree was entered in accordance with the recommendations of the master. From the decree an appeal was taken to this court. The appeal was dismissed for the reason that it was not prosecuted in conformity with the order allowing the same. The record is again before us on a writ of error.

Numerous errors are argued by defendants, the principal contention being that judgment by confession was entered on the note, to secure which the trust deed was given in May, 1902, while the bill to foreclose was not filed until December, 1902, and that the bill

declared on the note instead of on the judgment. On the hearing before the master the original complainant, Hopper, offered proof which tended to show that subsequent to the time the bill was filed George G. Barrows, the complainant, purchased the note and trust deed. Proofs were closed November 10, 1910. December 6, 1910, complainant, to make the bill and proofs correspond, obtained leave of court to make such formal amendment and Barrows was substituted as complainant in lieu of Hopper, the original complainant and owner of the note and trust deed. The bill was amended accordingly. At the same time defendants were given leave to plead or answer to the bill as amended, and on December 14, 1910, filed a plea which set up, among other things, that judgment by confession had been entered on the note in May, 1902, and was subsequently satisfied of record. Defendants did not bring the matter of this plea nor any evidence to substantiate its averments to the attention of the master, and on February 4, 1911, the master made his report. The record nowhere showed that any point was made before Master Rogers that the note had been reduced to judgment. The record contained what purported to be a certificate of evidence, which included not only all the evidence introduced before Master Rogers, but a great many other documents.

EDWARD H. KUBITZ, for plaintiff in error.

THOMAS J. PEDEN and ROY C. MERRICK, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 863*—*what evidence should not be included in certificate of evidence.* Where a cause has been referred to a master to take and report the evidence and his conclusions, evidence other than that heard before him should not be included in the certificate of evidence filed on prosecution of writ of error.

2. EQUITY, § 438*—*when evidence not before master not considered.* Where a cause has been referred to a master to take and report the evidence and his conclusions, it is not competent that other evidence be considered.

3. APPEAL AND ERROR, § 855*—*when certificate of evidence unnecessary on error.* A certificate of evidence is unnecessary and has no proper place in the record on writ of error where all the evidence is taken before the master and included in his report.

4. APPEAL AND ERROR, § 1399*—*when findings of master conclusive.* The finding of a master, where no objections are filed to his report, are conclusive.

5. APPEAL AND ERROR, § 484*—*when objections prerequisite to review of findings.* Objections to the findings of a master are a prerequisite to review of findings of fact.

6. APPEAL AND ERROR, § 1094*—*when briefs containing vituperative language stricken from files.* Briefs and arguments containing vituperative, unwarranted and impertinent expressions as to opposing counsel, masters in chancery and judges of the court before whom a case was heard, will be ordered stricken from the files.